

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. E. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion Number O-1941
Re: Manner of calculating
State participation under
House Bill 686, Forty-sixth
Legislature, and prior laws
pertinent thereto.

We are in receipt of your letter of February 1, in which you pose the following question for our opinion:

"Under Article 6674q-7, et seq., of the Revised Civil Statutes, what is the correct manner of computing the percentage of State participation in issues of county or road district bonds issued and outstanding on January 1, 1933, where only a portion of the proceeds of such bonds issued have been expended on designated State highways of the State of Texas?"

Under date of January 18, 1937, Mr. Victor W. Bouldin, Assistant Attorney General, in response to a request from Mr. W. H. Gordon, Chief Accountant of the Board of County and District Road Indebtedness, addressed an opinion to him which, in our opinion, answers the question set out in your letter, a copy of which opinion is enclosed. We have carefully reconsidered that opinion and have concluded that the answer contained therein is correct, and we are, therefore, adopting it as the opinion of this department.

In your letter you state as follows:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

G

"However, in view of the provisions of House
Bill No. 688, especially the last sentence of
Sec. 7 thereof, we felt that the true intention
of the Act has not been accomplished. The por-
tion of Sec. 7 referred to reads as follows:
'And in no event shall said Board be authorized
to assume in excess of the balance due on the
bonds for the said bridge construction at the
effective date of this Act'".

Section 7, to which you refer, contains two rather
lengthy paragraphs, and the quotation which you have used in
your letter is the last sentence in the second paragraph of
Section 7. Upon a reading of Section 7 we find that refer-
ence is made to bonds heretofore issued by navigation districts
of this State, which mature on or after January 1, 1933, and in-
sofar as the amounts of same were issued or the proceeds there-
of actually expended in the construction of bridges across any
stream or streams or any other waterways upon highways which
constitute and comprise a part of the system of designated
State highways on September 17, 1932, etc., this provision
treats only of navigation district bonds, and was enacted into
law as Sections 8a and 8b of the Acts of 1937, Forty-fifth Leg-
islature, page 277, Chapter 146, Section 1, which was finally
approved on April 14, 1937, and became effective August 1, 1937.
This law, we think, is intended to permit the assumption of
bonds issued by navigation districts for the purpose of con-
structing bridges on State designated highways and, as such,
stands as an exception to the general provisions of the Act
which contemplate only the assumption of bonds issued by coun-
ties or defined road districts for the construction of roads
or bridges. We think the last sentence of paragraph two of
Section 7 was inserted in the Act for the purpose of clarify-
ing the intention of the Legislature, and it is our further
conclusion that the manner of calculating State participations,
as adopted by the Board, is in line with this declaration.

There is no doubt but that such a procedure would and
does work some inequalities; however, we are not called upon to

Mr. E. F. Jennings, page #3

interpret the law as it should have been written, and we must assume that the Legislature was aware of the inequalities that might follow as a result of the system adopted. Of necessity there must have been a place of beginning and in the wisdom of the Legislature the language used, we must conclude, was advisedly used, and it is our opinion that the construction placed on this language by Mr. Bouldin, in the opinion addressed to Mr. W. H. Gordon, is the correct interpretation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Clarence E. Crowe*

Clarence E. Crowe
Assistant

CEC-s
Encl.

APPROVED MAR 20, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE